IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KAREN ELAINE NORRIS, #219214,    )
    )
    Plaintiff,    )
    )
v.    )    CASE NO. 2:12-CV-937-MHT
    )    [WO]
    )
KARLA JONES, et al.,    )
    )
    Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Karen Elaine Norris ["Norris"], an indigent state inmate.  In the complaint, Norris challenges actions taken against her during her confinement at the Tutwiler Prison for Women.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and disciplinary records, in which they addressed the claims for relief presented by Norris.  The report and evidentiary materials refute the self-serving, conclusory allegations presented by Norris in the complaint.  Specifically, the evidentiary materials filed by the defendants demonstrate that defendant Jones made no disparaging remarks about Norris to her grandmother, the confinement of Norris in close custody was based solely on her negative behavior, Norris has not been denied access to the investigative division of the Alabama Department of Corrections as she has communicated with an investigator on several occasions, and the use of handcuffs and leg irons on Norris while on the exercise yard did not prevent her from exercising. It likewise appears to the court that even had a correctional official made the alleged remarks about which Norris complains this action did not violate any constitutionally protected right.

In light of the foregoing, the court issued an order directing Norris to file a response to the defendants' written report. *Order of March 28, 2013 - Doc. No. 19*. The order advised Norris that her failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. Due to numerous extensions of time afforded Norris, the time allotted for filing a response in opposition to the defendants' report expired on October 15, 2013. As of the present date, Norris has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Norris is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Norris' inaction in the face of the defendants' report and overwhelming documentary evidence suggests a lack of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure her compliance would be unavailing. Consequently, the court concludes that the plaintiff's failure to comply with an order of this court warrants dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior

order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before September 18, 2014 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of September, 2014.

       /s/  Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

3